GEORGE R. JONES, Plaintiff, *v.* EASTERN GREYHOUND LINES, INC., Defendant.

Supreme Court, Washington County, June 9, 1936.

*Leonard Cohen* [*J. S. Carter* of counsel], for the plaintiff.

*Franklyn A. Dobbs,* for the defendant.

LAWRENCE, J. This action is in negligence. The plaintiff recovered a verdict. This is a motion to set it aside.

Plaintiff boarded a bus of the defendant at Worcester, N. Y., to go to Albany, N. Y. He was accompanied by his small daughter. He paid the required fare. This was in August, 1935, and some of the bus windows were open. There were no available seats when he boarded the bus. After traveling some distance, the plaintiff and his daughter took the fourth seat from the front, which had been vacated. Directly in front of him sat a clergyman. A sign was posted in the front part of the bus which, in substance, stated that there should be no smoking except in the rear seats. The clergyman began to smoke a pipe. The plaintiff said this annoyed his daughter. He went to the front part of the bus and complained to the driver of the smoking in violation of the posted notice, and he states the driver laughed at him.

The testimony of the plaintiff may be susceptible of the meaning that the clergyman stopped smoking, that after the protest and after a period he began again, and that no second protest was made. It might be inferred that if the plaintiff was laughed at after the first protest, a second one might be useless. After the clergyman had finished smoking he emptied his pipe on the arm of his seat and the ashes were blown back and into the eyes of the plaintiff. This caused the injury complained of, for which recovery was awarded by the jury.

The defendant claims that the verdict is contrary to the evidence and against its weight, and that the injury, if any, was the negligence of a fellow-passenger, for which the defendant is not liable, especially as it is not shown to be due to the violence of a fellow-passenger or to some act or omission on the part of an employee which caused the injury. Defendant insists that the evidence here brings the case under the fundamental rule that the negligence of a fellow-passenger is not chargeable to the owner of the bus.

We are not called upon to determine how the case should have been decided by the jury upon conflicting evidence. The plaintiff's evidence shows that there was a causal relation between the alleged negligence of the clergyman and the injuries. What we are here concerned with is its permitting the violation of a rule against smoking after notice of such violation and taking no steps to prevent it. The jury, as triers of the fact, might be justified in deciding that the rule of the company had been violated and notice of such violation brought home to their representative, who treated the matter so lightly that any further protest would avail nothing. The jury might be justified in deciding that the company might reasonably anticipate danger, under the circumstances, from currents of air carrying ashes towards the rear of the bus.

Counsel states that the legal proposition is a novel one. The above statement is made because it does not seem to have been directly passed upon.

Under the circumstances here the motions to dismiss and to set aside the verdict are denied.